

# The Attorney General of Texas

June 25, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501


701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944


4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484


1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666


806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238


4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547


200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191


An Equal Opportunity/
Affirmative Action Employer

Honorable Robert B. Hall
Texas Board of Examiners in the
   Fitting & Dispensing of Hearing
   Aids
Penthouse Apartments, Suite 105
Guadalupe Street
Austin, Texas 78701

Opinion No. MW-198

Re: Whether a licensee may fill a prescription for a hearing aid from a physician without further testing of the individual's hearing acuity.

Dear Mr. Hall:

You have requested our opinion as to whether a person licensed to dispense hearing aids may fill a prescription for a hearing aid from a physician without further testing the individual's hearing acuity.

Section (a)(7) of article 4566–1.15, V.T.C.S. provides:

(7)    before any sale of a hearing aid shall be consummated, the person purchasing the hearing aid must have his hearing tested at an examination conducted in person by the licensee.

Article 4566–1.19, V.T.C.S., states that nothing in the act applies to:

(3)    [p] hysicians and surgeons duly licensed by the Texas State Board of Medical Examiners and qualified to practice in the State of Texas.

You ask whether an individual licensed by the Board may validly disregard the testing requirement imposed by article 4566 1.15(a)(7), V.T.C.S., when he is presented with a prescription for a hearing aid from a physician exempted from the statute by article 4566–1.19(3), V.T.C.S.

It is clear that the exception is applicable only to physicians and surgeons, and not to persons who act at their instruction. A statute that is plain and unambiguous should be construed according to its literal meaning. Brazos River Authority v. Graham, 354 S.W.2d 99, 109 (Tex. 1961); Board of Insurance Commissioners v. Guardian Life Insurance Co., 180 S.W.2d 906, 909 (Tex. 1944). Thus, if an individual licensed to fit and dispense hearing aids is

not included within one of the exceptions of article 4566-1.19, V.T.C.S., he must comply with the testing requirement. In the situation you pose, the licensee may not fill a prescription for a hearing aid from a physician without first testing the hearing of the purchaser of the hearing aid.

## SUMMARY

A person licensed to dispense hearing aids may not fill a prescription for a hearing aid from a physician without first testing the individual's hearing.

Very truly, yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Bob Gammage
Susan Garrison
Bob Gauss
Rick Gilpin
Bruce Youngblood